IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FORT WORTH AUTO SUPPLY, INC § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:24-cv-00787 | |
| § | | |
| ALLIED INSURANCE COMPANY § | | |
| OF AMERICA, AND NICKI HAAK, § | | |
| *Defendants.* § | | |

## NOTICE OF REMOVAL

Defendant Allied Insurance Company of America ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Fort Worth Auto Supply, Inc. v. Allied Insurance Company of America and Nicki Haak*; Cause No. 348-350984-24; In the 348th Judicial District of Tarrant County, Texas.

## I.
## BACKGROUND

1. Plaintiff Fort Worth Auto Supply, Inc. (hereinafter "Plaintiff") initiated the present action against Defendant by filing its Original Petition in Cause No. 348-350984-24; In the 348th Judicial District of Tarrant County, Texas on March 11, 2024 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on June 14, 2024, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Defendant Nicki Haak ("Haak") appeared and answered on August 16, 2024 asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant Nicki Haak's Original Answer, attached as **Exhibit C**.

4.      On August 16, 2024, counsel for Defendant Allied sent correspondence to Plaintiff's counsel exercising its rights under Chapter 542A.006(a) of the Texas Insurance Code to accept whatever liability defendant Nicki Haak might have related to Plaintiff's claim. *See* Allied's August 16, 2024 Election of Responsibility pursuant to Texas Insurance Code §542A.006, attached as **Exhibit D.** Accordingly, no cause of action exists against Nicki Haak. Tex. Ins. Code § 542A.006(b).

5.      Pursuant to Northern District of Texas Local Rule 81.1(a)(1), Defendant is filing a civil cover sheet contemporaneous with this Notice of Removal.

6.      Pursuant to Northern District of Texas Local Rule 81.1(a)(2), Defendant is filing a supplemental civil cover sheet contemporaneous with this Notice of Removal.

7.      Pursuant to Northern District of Texas Local Rule 81.1(a)(3), Defendant asserts there is no "related case" as defined by Local Rule 3.3(b)(3) or (b)(4).

8.      Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(B), the State Court Action docket sheet is attached as **Exhibit E**.

9.      Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(B), Defendant is attaching a copy of the docket sheet in the State Court Action to this Notice of Removal.

10.     Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(C) and 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.  In addition, a full copy of the state court file has been requested and will be filed upon receipt.

11.     Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(D), Defendant is filing a separately signed certificate of interested persons contemporaneous with this Notice of Removal.

12.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 348th Judicial District of Tarrant County, Texas.

13.     Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed less than one year after the commencement of this action.

14.     Defendant Nicki Haak's consent for removal is not required because Haak has been improperly joined given Allied's Election of Responsibility pursuant to Texas Insurance Code § 542A.006. *See, e.g. Rico v. Flores,* 841 F.3d 234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP-HJB, 2020 U.S. Dist. LEXIS 242301, 2020 WL 7670245, at *1-5 (W.D. Tex. Dec. 24, 2020) (Because the insurance company's election demonstrates that Plaintiff has no possibility of recovery against the agent, the agent is considered improperly joined and his citizenship may be disregarded for purposes of diversity jurisdiction.).

## II.
## JURISDICTION

15.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

16.     Plaintiff alleges it is "a domestic corporation with its principal place of business at 5216 River Oaks Blvd, River Oaks, Texas 76114." **Exhibit A,** Plaintiff's Original Petition, at ¶ 2.

A diligent search of publicly available information shows that Plaintiff Fort Worth Auto Supply, Inc. is a domestic for-profit corporation. A corporation is deemed to be a citizen of any state by which it has been incorporated and the state in which it has its principal place of business. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332(c)(1)). A diligent search of publicly available information shows that Plaintiff is incorporated under the laws of the State of Texas and maintains its principal place of business in the State of Texas. No other states of incorporation for Plaintiff or alternative principal places of business were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that Plaintiff shares the citizenship of Defendant, Allied Insurance Company of America. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

17. Defendant Allied Insurance Company of America is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Ohio.

18. Defendant Nicki Haak is an individual domiciled in the State of Texas. However, Haak's citizenship should be disregarded for purposes of affirming diversity jurisdiction because no cause of action exists against him due to Allied's election of legal responsibility under Texas Insurance Code Sec. 542A.006 prior to this removal. *See* **Exhibit D**.

19. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.     Haak is Improperly Joined Given Allied's Election of Legal Responsibility Pursuant to Tex. Ins. Code § 542A.006**

18.     Defendant Haak has been improperly joined and her citizenship should be disregarded for the purposes of diversity jurisdiction. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

19.     Here, there is no reasonable basis for this Court to predict that Plaintiff can recover against Haak because Plaintiff lacks a valid claim upon which relief may be granted as to Haak under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature", such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." TEX. INS. CODE § 542A.001(2); **Exhibit A**, Plaintiff's Original Petition at § IV – Facts, page 3 (alleging a "severe weather event" forms the basis of Plaintiff's insurance claim).

20.     Federal courts sitting in diversity strictly apply 542A because its requirements are "so intertwined with Texas's substantive policy for claims brought under the Texas Insurance Code." *See Carrizales v. State Farm Lloyds*, No. 3:18-cv-0086-L, 2018 U.S. Dist. LEXIS 58875, at *11 (N.D. Tex. April 6, 2018) (internal citations omitted); *Yarco Trading Company, Inc. v. United Fire & Cas. Co.*, 397 F.Supp.3d 939, 950 (S.D. Tex. 2019) (explaining that while 542A.006(c) is "couched in procedural terminology," its effect is bound with "state-secured

5

substantive rights and obligations, that its application by a federal court sitting in diversity would advance the twin aims of *Erie*…") (internal citations omitted). Under Chapter 542A, an insurer not in receivership "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE §542A.006(a). When that election is made prior to removal, the plaintiff has no possibility of recovery against the agent, and therefore the agent is considered improperly joined and his or her citizenship may be disregarded for purposes of diversity jurisdiction. *Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F. 4th 469, 475 (5th Cir. 2022) (applying Texas law); *see also Crain v. Bankers Std. Ins. Co.*, No. 4:23-cv-00710-O, 2023 U.S. Dist. LEXIS 145083, at *4 (N.D. Tex. Aug. 18, 2023) (finding that an insurance company's adjuster was improperly joined after an insurance company accepted legal liability under § 542A.006 for the adjuster before removing the case).

21. Defendant Allied provided written notice to Plaintiff of its election under §542A.006 by letter dated August 16, 2024, and sent prior to filing this notice of removal, accepting whatever liability Haak may have with respect to Plaintiff's claim. *See* **Exhibit D**. Therefore, pursuant to §542A.006(b), no cause of action exists against Haak for any claim-related damages and Texas law requires dismissal of the action against her with prejudice. *Advanced Indicator and Mfg., Inc.*, 50 F. 4th at 475. As a result, there is no possibility that Plaintiff might recover against Haak on any of the pleaded causes of action against her in Plaintiff's live pleading, and thus complete diversity exists among the properly joined parties.

**C.    Amount in Controversy**

22. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*,

6

No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335). In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

23. Here, "Plaintiff seeks monetary relief over $1,000,000." **Exhibit A**, Plaintiff's Original Petition, at § VI- Damages, page 16. Plaintiff's Original Petition further alleges that "Plaintiff seeks actual damages in the form of monetary relief of at least $418,925.16." *Id.* In addition to actual damages, Plaintiff's Original Petition also seeks attorneys' fees, treble damages for alleged knowing conduct under the Texas Insurance Code Chapter 541, statutory interest penalty under Texas Insurance Code Chapter 542, and exemplary damages. *Id.* at pp. 15-17. Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.

24. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

# III.
# CONCLUSION

25. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

26. WHEREFORE, Defendant Allied Insurance Company of America hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED INSURANCE COMPANY OF AMERICA**

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-mail and Certified mail this the 16th day of August, 2024 to:

Jonathan P. Ayers             *#9414 7266 9904 2137 9617 09*
Ayers & Ayers
4205 Gateway Dr., Ste. 100
Colleyville, Texas 76034
jayers@ayersfirm.com

               */s/ Patrick M. Kemp*
               Patrick M. Kemp