Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0170 5836

**Return Receipt (Electronic)**

2024364254-1

Allied Insurance Company of North America
Nicki Haak
P.O. Box 182068
Columbus, TX 43218-2068

------------------------------------------------------------------------------------------
CUT / FOLD HERE

DEFENDANT'S
EXHIBIT A

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-1662
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

### Jane Nelson
### Secretary of State

May 22, 2024

| 2024-364254-1 |
| --- |
| **Include reference number in all correspondence** |

Allied Insurance Company of North America
Nicki Haak
P.O. Box 182068
Columbus, TX 43218-2068

RE:    Fort Worth Auto Supply, Inc. vs Allied Insurance Company of America, Et Al
       348th Judicial District Court Of Tarrant County, Texas
       Cause No. 34835098424

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on April 26, 2024.

CERTIFIED MAIL #71901046470101705836

Refer inquiries to:

Jonathan P. Ayers
Ayers & Ayers
4205 Gateway Drive, Suite 100
Colleyville, TX 76034

Sincerely,

Service of Process
Government Filings
GF/mo
Enclosure

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 348-350984-24*

### FORT WORTH AUTO SUPPLY, INC.
### VS.
### ALLIED INSURANCE COMPANY OF AMERICA, ET AL
**To and through the Commissioner Of Insurance, 333 Guadalupe, Austin, Texas 78701**
**TO: ALLIED INSURANCE COMPANY OF NORTH AMERICA**

59 MAIDEN LN NEW YORK, NY 10038-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE COMMISSIONER OF INSURANCE, STATE OF TEXAS, DUPLICATE
COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

FORT WORTH AUTO SUPPLY INC

Filed in said Court on March 11th, 2024 Against
ALLIED INSURANCE COMPANY OF NORTH AMERICA, NICKI HAAK

For suit, said suit being numbered 348-350984-24 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies this citation.

### JONATHAN P AYERS
**Attorney for FORT WORTH AUTO SUPPLY INC Phone No. (817)267-9009**
**Address        4205 GATEWAY DR STE 100 COLLEYVILLE, TX 76034**

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 21st day of March, 2024,

By *Natalie Thigpen*

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 03/21/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402**

### OFFICER'S RETURN *34835098424000004*

Received this Citation on the _____ day of _____ , _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____ , _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____  .  State of_____  By _____ Deputy
Fees $_____  _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____ , ____
to certify which witness my hand and seal of office
(Seal)
County of _____ , State of _____

364254

*CITATION*

Cause No. 348-350984-24

FORT WORTH AUTO SUPPLY, INC.

VS.

ALLIED INSURANCE COMPANY OF
AMERICA, ET AL

ISSUED

This 21st day of March, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      NATALIE THIGPEN Deputy

JONATHAN P AYERS
Attorney for: FORT WORTH AUTO SUPPLY INC
Phone No. (817)267-9009
ADDRESS: 4205 GATEWAY DR STE 100

COLLEYVILLE, TX 76034

*CIVIL LAW*

A CERTIFIED COPY
ATTEST: 03/21/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
By:/s/ Natalie Thigpen

J002105340700525824



*348350984240000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

348-350984-24

FILED
TARRANT COUNTY
3/11/2024 3:36 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. \_\_\_\_\_

| | | |
|---|---|---|
| FORT WORTH AUTO SUPPLY, INC., | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| V. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ALLIED INSURANCE COMPANY OF AMERICA, | § | |
| AND NICKI HAAK, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Fort Worth Auto Supply, Inc., and files this, its Original Petition against Defendants Allied Insurance Company of North America and Nicki Haak and for same would show unto the Court as follows:

### I.    DISCOVERY

Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.    PARTIES

Plaintiff Fort Worth Auto Supply, Inc. ("Ft. Worth Auto") is a domestic corporation with its principal place of business at 5216 River Oaks Blvd., River Oaks, Texas 76114.

Defendant Allied Insurance Company of North America ("Allied") is a foreign corporation with its principal place of business at 59 Maiden Lane, New York, New York 10038.  Defendant Allied may be served with process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701-3938 as its designated Attorney for Service.

Defendant Nicki Haak is an **un**licensed individual adjusting claims in the state of Texas.  Defendant Haak's business address is Allied Insurance Company of America, P.O. Box 182068, Columbus, Ohio 43218-2068. Defendant Haak may be served with process by service via the Texas Long-Arm Statute (Texas Civil Practices and Remedies Code Sec. Sec. 17.044) by serving the Texas Secretary of State, P.O. Box 12887, Austin, Texas 78711- 2887.

### III.    JURISDICTION AND VENUE

Venue is proper in Tarrant County, Texas, pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.  The damages sought are within the jurisdictional limits of this Court.

The Court has jurisdiction over Defendants because Defendants are insurance companies, or agents acting on behalf of an insurance company, that engage in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.

### IV.    FACTS

Plaintiff Ft. Worth Auto is, and at all times mentioned and material to this action was, the owner in fee of certain real property located at 5210 River Oaks Blvd., River Oaks, Texas 76114.

Plaintiff Ft. Worth Auto would respectfully show it obtained a policy of insurance with Defendant Allied.  The insurance policy is Policy No. ACP BPAL3019928907 (the "Policy").  The Policy between Ft. Worth Auto and Defendant Allied provided coverage for property damage.

On February 21, 2022, a severe weather event occurred at the location of Ft. Worth Auto Supply. As a result of the weather event, Ft. Worth Auto Supply suffered rain, wind and hail damage to its roof and roof-top apparatus and interior water damage from the resultant leaks.

Ft. Worth Auto timely made a claim to Defendant Allied for the loss. Defendant Haak, an agent of Defendant Allied, inspected the Ft. Worth Auto property and found damage to the metal roof and a/c fins. Also, there was found interior damage due to water seepage. However, in an attempt to avoid payment for the loss, Defendant Haak, an agent of Defendant Allied, requested an engineer report.

Kean Jenner of Haag Engineering produced a report dated March 20, 2023. In that report, Mr. Jenner found that the physical evidence revealed that the property had been subjected to hailstones of small size within the past roughly one year. However, it was Mr. Jenner's opinion that the hail size was below the threshold of size required to damage ABUR membranes or functionally damage the metal roofing. He concluded the ABUR membranes had not been damaged by hail. He did observe that the ABUR's modified bitumen flashing facing north and west had concentric rings of surficial cracks and ruptures caused by hail. But it was his opinion that the damaging hail had occurred in the distant past. He also commented that the flashing could be patched, overlaid, or replaced.

Mr. Jenner was unable to visibly observe damage to the metal panel under the light conditions prevailing at the time of inspection. The application of chalk, however, highlighted dents below the level of visibility to the unaided eye. But it was his opinion that the waterproofing integrity and service life of the panels had not been impaired by the hail caused dents, despite the clear water damage to the interior of the building.

On March 23, 2023, Defendant Haak, an agent of Defendant Allied, sent a letter acknowledging coverage under the Policy for hail. Defendant Haak, an agent of Defendant Allied, stated there was no wind or hail damage to the exterior of the building, but there was hail damage to the a/c unit fins. She further stated the damage due to water seepage was long term damage and not covered under the Policy. Then Defendant Haak, an agent of Defendant Allied, made payment for damage to the flat metal roof in the amount of only $35,845.21.

Dr. Tom Witherspoon was asked to inspect the Ft. Worth Auto Supply property to rebut the contradictory report of Haag Engineering. Dr. Witherspoon observed that the flat metal roof appears to be a coated built up roof system. The corrugated metal roof shows significant hail impact dents to the surface and there is functional damage at the standing seams where there is a flare. This section of the roof is the section that Allied Insurance paid for replacement.

Dr. Witherspoon also found the built up roof showed significant hail impact damage and the a/c grills and roof vents also showed damage. It was obvious the hail direction was from the north with visible hail impacts on the vertical surfaces at the top and north side of the parapet. The hail impact damage was visible at the built up roof surfaces and this was very obvious from the surface of the built up roof system.

It is Dr. Witherspoon's recommendation that based on his inspection of the Ft. Worth Auto Supply property that the entire built up roof must be replaced because of significant hail impact damage to the surface of both the flat roof and parapets and the leak locations.

On August 11, 2023, Ft. Worth Auto's public adjuster, Jason Fulgham, provided a photo report pointing out in detail the severe damage to the Ft. Worth Auto roof.

Haag Engineering prepared a supplemental report to address Dr. Witherspoon's observations and recommendations. In that report Mr. Jenner stated he concluded that membrane areas of concern to others are long-term deterioration, and the conclusions set forth in his March 2023 report remain unchanged.

Ft. Worth Auto Supply's public adjusters provided an estimate to repair/replace the Ft. Worth Auto Supply roof as follows:

| | |
|---|---|
| Replacement of the Damaged Metal Roof | $104,788.20 |
| Repairs to the Mansard Roof: | 47,520.95 |
| TOTAL REPAIRS/REPLACEMENT METAL ROOF: | $152,309.15 |
| | |
| Repair/Replacement of the Mod Bit Roof: | $224,628.35 |
| Repairs to Interior Water Seepage Damage, | |
| Roof-top A/C Units and Admin: | 41,987.66 |
| TOTAL DAMAGE: | $418,925.16 |

Allied Insurance has paid a mere $35,845.21 toward the damage to the Ft. Worth Auto property.

The Ft. Worth Auto has sought property damage benefits under the Allied Policy, which Defendant Allied has refused to pay.  Rather than properly pay the insurance benefits Ft. Worth Auto is entitled to receive under the policy, without reasonable basis, Allied and its agents and adjusters apparently attempted to circumnavigate their obligation to timely pay insurance benefits.  As a result of this failure to pay policy benefits, Ft. Worth Auto has incurred significant financial loss.

Unfortunately, Defendant Allied's delay and imposition of severe economic distress has had reasonably anticipated consequences on Ft. Worth Auto from which it is

struggling to recover. Given the repeated denial and delays of payment for necessary property damage benefits, Ft. Worth Auto has been subject to significant economic impact and continuing economic damage. The significant effect of Defendant Allied's wrongful and unjustified delay, however, is still uncompensated.

As detailed in the above paragraphs, Defendants Allied, Haak and Allied's other agents and adjusters, did not properly pay Plaintiff's Claim and did not provide full coverage for the damages sustained by the Plaintiff. Additionally, Defendants Allied and Haak continue to delay the full payment of the damages to Ft. Worth Auto's property. As such, Plaintiff has not been paid for the full damage to Ft. Worth Auto's property.

Defendants Allied and Haak and Allied's other agents and adjusters failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Allied is in breach of the insurance contract between it and Plaintiff.

Defendants Allied and Haak and Allied's other agents and adjusters misrepresented to Plaintiff that the damage to Ft. Worth Auto's property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allied and Haak and Allied's other agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

Defendants Allied and Haak and Allied's other agents and adjusters failed to make an attempt to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Allied and Haak and Allied's other agents and adjusters committed conduct which constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

Defendants Allied and Haak and Allied's other agents and adjusters failed to explain to Plaintiff the reasons for their denial of Plaintiff's Claim. Specifically, Defendants Allied and Haak and Allied's other agents and adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allied and Haak and Allied's other agents and adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's Claim. Defendants Allied and Haak and Allied's other agents and adjusters committed conduct which is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

Defendants Allied and Haak and Allied's other agents and adjusters failed to affirm or deny coverage of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendants Allied and Haak. Such conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

Defendants Allied and Haak and Allied's other agents and adjusters refused to fully compensate Plaintiff under the terms of the Policy. Defendants Allied and Haak and Allied's other agents and adjusters failed to conduct a reasonable investigation.

Specifically, Defendants Allied and Haak and Allied's other agents and adjusters performed an outcome-orientated investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on Ft. Worth Auto's Property. The conduct of Defendants Allied and Haak and Allied's other agents and adjusters constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

Defendants Allied and Haak and Allied's other agents and adjusters failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's Claim, beginning an investigation of Plaintiff's Claim, and requesting all information reasonably necessary to investigate Plaintiff's Claim within the statutorily mandated time of receiving notice of Plaintiff's Claim. Defendants Allied and Haak and Allied's other agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendants Allied and Haak and Allied's other agents and adjusters failed to accept or deny Plaintiff's full and entire Claim within statutorily mandated time of receiving all necessary information. Defendants Allied and Haak and Allied's other agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendants Allied and Haak and Allied's other agents and adjusters failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's Claim longer than allowed and to date. Defendants Allied and Haak and Allied's other agents and adjusters'

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From the time Plaintiff's Claim was presented to Defendants Allied and Haak and Allied's other agents and adjusters, the liability of Defendant Allied to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Defendants Allied and Haak and Allied's other agents and adjusters have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants Allied and Haak and Allied's other agents and adjusters' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Defendants Allied and Haak and Allied's other agents and adjusters knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

As a result of Defendants Allied and Haak and Allied's other agents and adjusters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

As a result of the foregoing conduct, Plaintiff would respectfully show as follows:

## V.    CAUSES OF ACTION

Defendants Allied and Haak and Allied's other agents and adjusters are liable to Plaintiff for fraud, intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## A. FRAUD

Defendants are liable to Plaintiff for common law fraud.

Each and every one of the representations described above concerned material facts for the reason Plaintiff would not have acted upon and in which Defendants Allied, and Haak and Allied's other agents and adjusters knew were false or made recklessly without any knowledge of their truth as a positive assertion.

The statements were made with the intention that they should be acted upon by the Plaintiff, who in turn acted in reliance upon the statements; thereby causing Plaintiff to suffer injury and constituting common law fraud.

## B. BREACH OF CONTRACT

Defendant Allied has committed acts which constitute a breach of the insurance contract made between it and Plaintiff.

The failure and refusal of Defendant, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiff.  Defendant Allied has failed to comply with its contractual obligations to Plaintiff and is in breach of contract.

Pleading further, Defendant Allied induced Plaintiff to enter into a contract with the intent of denying benefits in the event a claim was made.

## C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Defendants Allied and Haak and Allied's other agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices,

Texas Insurance Code §541.060(A). All violations under this article are made actionable by Tex. Ins. Code §541.151.

Defendants Allied and Haak and Allied's other agents and adjusters' unfair settlement practices, as described above, misrepresented to Plaintiff material facts relating to the coverage at issue; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

Defendants Allied and Haak and Allied's other agents and adjusters' unfair settlement practices, as described above, failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendants' liability under the Policy was reasonably clear; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

Defendants Allied and Haak and Allied's other agents and adjusters' unfair settlement practices, as described above, failed to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the Claim; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

Defendants Allied and Haak and Allied's other agents and adjusters' unfair settlement practices, as described above, failed within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights to Plaintiff; which

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

Defendants Allied and Haak and Allied's other agents and adjusters' unfair settlement practices, as described above, refused to pay Plaintiff's Claim without conducting a reasonable investigation; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### D. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

Defendants Allied and Haak and Allied's other agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

Defendants Allied and Haak and Allied's other agents and adjusters failed to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above; which constitutes a non-prompt payment of claims and a violation of the Texas Insurance Code §542.055.

Defendants Allied and Haak and Allied's other agents and adjusters failed to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints. Such failure constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

Defendants Allied and Haak and Allied's other agents and adjusters delayed the payment of Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for as

described above.  Such delay constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

Defendants violated these and other provisions of the Texas Insurance Code by commission of the acts complained of herein.  Defendants have a pattern and practice of violating the Texas Insurance Code through the commission of the conduct described herein.  Defendants have made institutional decisions to promote profits rather than paying legitimate claims like Plaintiff's Claim.

### E.  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

The actions of Defendants Allied and Haak and Allied's other agents and adjusters constitute a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendants Allied and Haak and Allied's other agents and adjusters failed to adequately and reasonably investigate and evaluate Plaintiff's Claim, although at that time Defendants Allied and Haak and Allied's other agents and adjusters knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. Such conduct constitutes a breach of the duty of good faith and fair dealing.

Defendants failed to afford equal consideration to the rights of Plaintiff as compared to themselves.

Defendants acted unreasonably in the processing, investigation, and denial of Plaintiff's Claim.  The conduct of the Defendants was knowing and intentional.

There was no reasonable basis for denial of Plaintiff's Claim, delay in payment to Plaintiff, nor the failure to investigate.  Defendants have actual knowledge of the

unreasonable nature of their conduct and have forced Plaintiff to pursue litigation to recover the benefits to which it is due.

**F. VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES /CONSUMER PROTECTION ACT**

Based on the facts previously set forth, Defendants have committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act, ("DTPA").  The DTPA, Sections 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victim of deceptive, improper, and/or illegal practices, including the award of treble damages for "knowing" violations and attorneys' fees. Defendants' conduct in engaging in such acts or practices results in actual and consequential damages to Plaintiff, and supports an award for treble damages.

Plaintiff would respectfully show it is entitled to actual damages resulting from these violations of the law.  These damages include the sums the Defendants have wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of this Claim.  Plaintiff is also entitled to recovery of treble damages for "knowing" violations.

In addition, Plaintiff is entitled to recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

**G. KNOWLEDGE**

Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

Plaintiff has complied with all conditions precedent in making its Claim against Defendants. Plaintiff has complied with all conditions precedent to bring this litigation.

To the extent any individual or entity took part in the investigation, processing, adjusting, delaying, and denial of Plaintiff's Claim, each did so while within the scope of his/her agency and employment by Defendants.

## H. PATTERN AND PRACTICE OF COMMON LAW AND STATUTORY VIOLATIONS

Plaintiff would show that Defendants engaged in a pattern and practice of conducting outcome-oriented investigations, hiring biased "inspectors," and routinely failing to pay the full value of claims. Defendants undertook these actions in an attempt to withhold monies they know or should know is reasonably payable and due under the terms of the Policy.

## VI.    DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by this rain, wind, and hail storm rendered Ft. Worth Auto's property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm causing further damages Ft. Worth Auto's property and causing undue hardship and burden to the Plaintiff. These damages are a direct result of Defendants Allied and Haak and Allied's other agents and adjusters' mishandling of Plaintiff's Claim in violation of the law set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of its Claim together with attorneys' fees.  Plaintiff seeks actual damages in the form of monetary relief of at least $418,925.16.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorneys' fees.  For knowing conduct of the acts complained of, Plaintiff requests three times actual damages. Tex. Ins. Code §541.152. Plaintiff seeks monetary relief over $1,000,000.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its Claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060.  Plaintiff seeks monetary relief over $1,000,000.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurance breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.  Plaintiff seeks monetary relief over $1,000,000.

Additionally, for breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants Allied and Haak's conduct in hindering the reconstruction of Ft. Worth Auto's property.  Plaintiff seeks monetary relief over $1,000,000.

For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing, fraudulent, and malicious representations, along with attorneys' fees, interest, and court costs.  Plaintiff seeks monetary relief over $1,000,000.

For breach of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to recover from Defendants actual damages, statutory damages, and exemplary damages along with attorneys' fees.  Plaintiff seeks monetary relief over $1,000,000.

## VII.    ATTORNEYS' FEES

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.    TEX.R.CIV.P. 28

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, any partnership, unincorporate association, private corporation, or individual doing business under an assumed name may be sued in its assumed or common name for the purpose of enforcing for or against it a substantive right.  To the extent Plaintiff has sued an entity in its business, trade, or assumed name, Plaintiff intends to pursue and recover on its substantive rights against the correct legal entity.

## IX.    JURY DEMAND

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Tarrant County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## X.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ft. Worth Auto Supply, Inc. prays Defendants Allied Insurance Company of America and Nicki Haak be cited to answer and appear and, after final trial, Plaintiff has judgment against the Defendants in an amount in excess of the minimal jurisdiction limits of the Court to reimburse it the cost of repairs to Ft. Worth Auto's property, diminution in value of Ft. Worth Auto's property, lost profits, loss of use, and other consequential damages, punitive or exemplary damages, plus pre-judgment and post-judgment interest at the legal rate until paid, attorneys' fees and costs, costs of Court, and for all other relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**AYERS & AYERS**

By:    _/s/ Jonathan P. Ayers_
JONATHAN P. AYERS
State Bar No. 01465900
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
jayers@ayersfirm.com
(817) 267-9009
(817) 318-0663 (FAX)

**ATTORNEYS FOR PLAINTIFF
FT. WORTH AUTO SUPPLY, INC.**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jonathan Ayers on behalf of Jonathan Ayers
Bar No. 01465900
jayers@ayersfirm.com
Envelope ID: 85427071
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition & Jury Demand
Status as of 3/11/2024 3:54 PM CST

Associated Case Party: Fort Worth Auto Supply, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Suzann DiGregorio | | suzann@ayersfirm.com | 3/11/2024 3:36:42 PM | SENT |
| Jonathan Ayers | | jayers@ayersfirm.com | 3/11/2024 3:36:42 PM | SENT |