UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| FORT WORTH AUTO SUPPLY, INC., | § | |
|---|---|---|
| PLAINTIFF, | § | |
| V. | § | CIVIL ACTION NO. 4:24-CV-00787-P |
| ALLIED INSURANCE COMPANY OF AMERICA, AND NICKI HAAK, | § | |
| DEFENDANTS. | § | |

# PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Fort Worth Auto Supply, Inc., and files this, its First Amended Petition against Defendants Allied Insurance Company of North America and for same would show unto the Court as follows:

## I. PARTIES

1. Plaintiff Fort Worth Auto Supply, Inc. ("Ft. Worth Auto") is a domestic corporation with its principal place of business at 5216 River Oaks Blvd., River Oaks, Texas 76114.

2. Defendant Allied Insurance Company of North America ("Allied") is an insurance company domiciled in New York. Allied's principal place of business is 59 Maiden Lane, New York, New York 10038. Allied has been served with process, has answered.

3. Defendant Nicki Haak ("Haak") has been served with process, has answered. Plaintiff stipulates to the dismissal of Defendant Haak in light of Defendant Allied's acceptance of liability for Haak's actions.

## II. VENUE AND JURISDICTION

5. The Court has jurisdiction over Defendant because Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Jurisdiction is based on diversity of citizenship in that this case was removed by Defendant from State Court pursuant to 28 U.S.C. §1446.

## III. FACTS

6. Plaintiff Ft. Worth Auto is, and at all times mentioned and material to this action was, the owner in fee of certain real property located at 5210 River Oaks Blvd., River Oaks, Texas 76114.

7. Plaintiff Ft. Worth Auto would respectfully show it obtained a policy of insurance with Defendant Allied. The insurance policy is Policy No. ACP BPAL3019928907 (the "Policy"). The Policy between Ft. Worth Auto and Defendant Allied provided coverage for property damage.

8. On February 21, 2022, a severe weather event occurred at the location of Ft. Worth Auto Supply. As a result of the weather event, Ft. Worth Auto Supply suffered rain, wind and hail damage to its roof and roof-top apparatus and interior water damage from the resultant leaks.

9. Ft. Worth Auto timely made a claim to Defendant Allied for the loss. Nicki Haak, an agent of Defendant Allied, inspected the Ft. Worth Auto property and found

damage to the metal roof and a/c fins. Also, there was found interior damage due to water seepage. However, in an attempt to avoid payment for the loss, Nicki Haak, an agent of Defendant Allied, requested an engineer report.

10. Kean Jenner of Haag Engineering produced a report dated March 20, 2023. In that report, Mr. Jenner found that the physical evidence revealed that the property had been subjected to hailstones of small size within the past roughly one year. However, it was Mr. Jenner's opinion that the hail size was below the threshold of size required to damage ABUR membranes or functionally damage the metal roofing. He concluded the ABUR membranes had not been damaged by hail. He did observe that the ABUR's modified bitumen flashing facing north and west had concentric rings of surficial cracks and ruptures caused by hail. But it was his opinion that the damaging hail had occurred in the distant past. He also commented that the flashing could be patched, overlaid, or replaced.

11. Mr. Jenner was unable to visibly observe damage to the metal panel under the light conditions prevailing at the time of inspection. The application of chalk, however, highlighted dents below the level of visibility to the unaided eye. But it was his opinion that the waterproofing integrity and service life of the panels had not been impaired by the hail caused dents, despite the clear water damage to the interior of the building.

12. On March 23, 2023, Nicki Haak, an agent of Defendant Allied, sent a letter acknowledging coverage under the Policy for hail. Nicki Haak, an agent of Defendant Allied, stated there was no wind or hail damage to the exterior of the building, but there was hail damage to the a/c unit fins. She further stated the damage due to water seepage was long term damage and not covered under the Policy. Then Nicki Haak, an agent of

Defendant Allied, made payment for damage to the flat metal roof in the amount of only $35,845.21.

13. Dr. Tom Witherspoon was asked to inspect the Ft. Worth Auto Supply property to rebut the contradictory report of Haag Engineering. Dr. Witherspoon observed that the flat metal roof appears to be a coated built up roof system. The corrugated metal roof shows significant hail impact dents to the surface and there is functional damage at the standing seams where there is a flare. This section of the roof is the section that Allied Insurance paid for replacement.

14. Dr. Witherspoon also found the built up roof showed significant hail impact damage and the a/c grills and roof vents also showed damage. It was obvious the hail direction was from the north with visible hail impacts on the vertical surfaces at the top and north side of the parapet. The hail impact damage was visible at the built up roof surfaces and this was very obvious from the surface of the built up roof system.

15. It is Dr. Witherspoon's recommendation that based on his inspection of the Ft. Worth Auto Supply property that the entire built up roof must be replaced because of significant hail impact damage to the surface of both the flat roof and parapets and the leak locations.

16. On August 11, 2023, Ft. Worth Auto's public adjuster, Jason Fulgham, provided a photo report pointing out in detail the severe damage to the Ft. Worth Auto roof.

17. Haag Engineering prepared a supplemental report to address Dr. Witherspoon's observations and recommendations. In that report Mr. Jenner stated he

concluded that membrane areas of concern to others are long-term deterioration, and the conclusions set forth in his March 2023 report remain unchanged.

18. Ft. Worth Auto Supply's public adjusters provided an estimate to repair/replace the Ft. Worth Auto Supply roof as follows:

| | |
|---|---:|
| Replacement of the Damaged Metal Roof | $104,788.20 |
| Repairs to the Mansard Roof: | 47,520.95 |
| TOTAL REPAIRS/REPLACEMENT METAL ROOF: | $152,309.15 |
| | |
| Repair/Replacement of the Mod Bit Roof: | $224,628.35 |
| Repairs to Interior Water Seepage Damage, Roof-top A/C Units and Admin: | 41,987.66 |
| TOTAL DAMAGE: | $418,925.16 |

19. Allied Insurance has paid a mere $35,845.21 toward the damage to the Ft. Worth Auto property.

20. The Ft. Worth Auto has sought property damage benefits under the Allied Policy, which Defendant Allied has refused to pay. Rather than properly pay the insurance benefits Ft. Worth Auto is entitled to receive under the policy, without reasonable basis, Allied and its agents and adjusters apparently attempted to circumnavigate their obligation to timely pay insurance benefits. As a result of this failure to pay policy benefits, Ft. Worth Auto has incurred significant financial loss.

21. Unfortunately, Defendant Allied's delay and imposition of severe economic distress has had reasonably anticipated consequences on Ft. Worth Auto from which it is struggling to recover. Given the repeated denial and delays of payment for necessary property damage benefits, Ft. Worth Auto has been subject to significant economic impact and continuing economic damage. The significant effect of Defendant Allied's wrongful and unjustified delay, however, is still uncompensated.

22. As detailed in the above paragraphs, Defendants Allied, Haak and Allied's other agents and adjusters, did not properly pay Plaintiff's Claim and did not provide full coverage for the damages sustained by the Plaintiff. Additionally, Defendants Allied and Haak continue to delay the full payment of the damages to Ft. Worth Auto's property. As such, Plaintiff has not been paid for the full damage to Ft. Worth Auto's property.

23. Defendant Allied and its agents and adjusters failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Allied is in breach of the insurance contract between it and Plaintiff.

24. Defendant Allied and its other agents and adjusters misrepresented to Plaintiff that the damage to Ft. Worth Auto's property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allied and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

25. Defendant Allied and its agents and adjusters failed to make an attempt to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Allied and its agents and adjusters committed conduct which constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

26. Defendant Allied and its agents and adjusters failed to explain to Plaintiff the reasons for their denial of Plaintiff's Claim. Specifically, Defendant Allied and its agents and adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant Allied and its agents and adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's Claim. Defendant Allied and its agents and adjusters committed conduct which is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

27. Defendant Allied and its agents and adjusters failed to affirm or deny coverage of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendant Allied. Such conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

28. Defendant Allied and its agents and adjusters refused to fully compensate Plaintiff under the terms of the Policy. Defendant Allied and its agents and adjusters failed to conduct a reasonable investigation. Specifically, Defendant Allied and its agents and adjusters performed an outcome-orientated investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on Ft. Worth Auto's Property. The conduct of Defendant Allied and its agents and adjusters constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

29. Defendant Allied and its agents and adjusters failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's Claim, beginning an investigation of Plaintiff's Claim, and requesting all information reasonably necessary to investigate Plaintiff's Claim within the statutorily mandated time of receiving notice of Plaintiff's Claim. Defendant Allied and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

30. Defendant Allied and its agents and adjusters failed to accept or deny Plaintiff's full and entire Claim within statutorily mandated time of receiving all necessary information. Defendant Allied and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

31. Defendants Allied and its agents and adjusters failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's Claim longer than allowed and to date. Defendant Allied and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

32. From the time Plaintiff's Claim was presented to Defendant Allied and its agents and adjusters, the liability of Defendant Allied to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allied and its agents and adjusters have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Allied and its agents and adjusters' conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendants Allied and its agents and adjusters knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

34. As a result of Defendant Allied and its agents and adjusters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

35. As a result of the foregoing conduct, Plaintiff would respectfully show as follows:

## IV. CAUSES OF ACTION

36. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-35 of this First Amended Complaint as if fully set forth herein.

37. Defendant Allied and its agents and adjusters are liable to Plaintiff for fraud, intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. FRAUD

38. Defendant is liable to Plaintiff for common law fraud.

39. Each and every one of the representations described above concerned material facts for the reason Plaintiff would not have acted upon and in which Defendant Allied and its agents and adjusters knew were false or made recklessly without any knowledge of their truth as a positive assertion.

40. The statements were made with the intention that they should be acted upon by the Plaintiff, who in turn acted in reliance upon the statements; thereby causing Plaintiff to suffer injury and constituting common law fraud.

## B. BREACH OF CONTRACT

41. Defendant Allied has committed acts which constitute a breach of the insurance contract made between it and Plaintiff.

42. The failure and refusal of Defendant, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiff. Defendant Allied has failed to comply with its contractual obligations to Plaintiff and is in breach of contract.

43. Pleading further, Defendant Allied induced Plaintiff to enter into a contract with the intent of denying benefits in the event a claim was made.

## C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44. Defendant Allied and its agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Texas Insurance Code §541.060(A). All violations under this article are made actionable by Tex. Ins. Code §541.151.

45. Defendant Allied and its agents and adjusters' unfair settlement practices, as described above, misrepresented to Plaintiff material facts relating to the coverage at issue; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

46. Defendant Allied and its agents and adjusters' unfair settlement practices, as described above, failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was

reasonably clear; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

47. Defendant Allied and its agents and adjusters' unfair settlement practices, as described above, failed to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the Claim; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

48. Defendant Allied and its agents and adjusters' unfair settlement practices, as described above, failed within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights to Plaintiff; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

49. Defendant Allied and its agents and adjusters' unfair settlement practices, as described above, refused to pay Plaintiff's Claim without conducting a reasonable investigation; which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

**D. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

50. Defendant Allied and its agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

51. Defendant Allied and its agents and adjusters failed to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all

items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above; which constitutes a non-prompt payment of claims and a violation of the Texas Insurance Code §542.055.

52. Defendant Allied and its agents and adjusters failed to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints. Such failure constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

53. Defendant Allied and its agents and adjusters delayed the payment of Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for as described above. Such delay constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

54. Defendant violated these and other provisions of the Texas Insurance Code by commission of the acts complained of herein. Defendant has a pattern and practice of violating the Texas Insurance Code through the commission of the conduct described herein. Defendant has made institutional decisions to promote profits rather than paying legitimate claims like Plaintiff's Claim.

### E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55. The actions of Defendant Allied and its agents and adjusters constitute a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56. Defendant Allied and its agents and adjusters failed to adequately and reasonably investigate and evaluate Plaintiff's Claim, although at that time Defendant Allied and its agents and adjusters knew or should have known by the exercise of

reasonable diligence that its liability was reasonably clear. Such conduct constitutes a breach of the duty of good faith and fair dealing.

57. Defendant failed to afford equal consideration to the rights of Plaintiff as compared to themselves.

58. Defendant acted unreasonably in the processing, investigation, and denial of Plaintiff's Claim. The conduct of the Defendant was knowing and intentional.

59. There was no reasonable basis for denial of Plaintiff's Claim, delay in payment to Plaintiff, nor the failure to investigate. Defendant has actual knowledge of the unreasonable nature of their conduct and have forced Plaintiff to pursue litigation to recover the benefits to which it is due.

### F. VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES /CONSUMER PROTECTION ACT

60. Based on the facts previously set forth, Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act, ("DTPA"). The DTPA, Sections 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victim of deceptive, improper, and/or illegal practices, including the award of treble damages for "knowing" violations and attorneys' fees. Defendant's conduct in engaging in such acts or practices results in actual and consequential damages to Plaintiff, and supports an award for treble damages.

61. Plaintiff would respectfully show it is entitled to actual damages resulting from these violations of the law. These damages include the sums the Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay

in payment of this Claim. Plaintiff is also entitled to recovery of treble damages for "knowing" violations.

62. In addition, Plaintiff is entitled to recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

## G. KNOWLEDGE

63. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

64. Plaintiff has complied with all conditions precedent in making its Claim against Defendant. Plaintiff has complied with all conditions precedent to bring this litigation.

65. To the extent any individual or entity took part in the investigation, processing, adjusting, delaying, and denial of Plaintiff's Claim, each did so while within the scope of his/her agency and employment by Defendant.

## H. PATTERN AND PRACTICE OF COMMON LAW AND STATUTORY VIOLATIONS

66. Plaintiff would show that Defendant engaged in a pattern and practice of conducting outcome-oriented investigations, hiring biased "inspectors," and routinely failing to pay the full value of claims. Defendant undertook these actions in an attempt to withhold monies they know or should know is reasonably payable and due under the terms of the Policy.

## V. DAMAGES

67. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-66 of this First Amended Complaint as if fully set forth herein.

68. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

69. As previously mentioned, the damages caused by this rain, wind, and hail storm rendered Ft. Worth Auto's property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm causing further damages Ft. Worth Auto's property and causing undue hardship and burden to the Plaintiff. These damages are a direct result of Defendant Allied its agents and adjusters' mishandling of Plaintiff's Claim in violation of the law set forth above.

70. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of its Claim together with attorneys' fees. Plaintiff seeks actual damages in the form of monetary relief of at least $418,925.16.

71. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff requests three times actual damages. Tex. Ins. Code §541.152. Plaintiff seeks monetary relief over $1,000,000.

72. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its Claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060. Plaintiff seeks monetary relief over $1,000,000.

73. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurance breach of duty, such as additional costs, economic hardship, losses due to

nonpayment of the amount the insurer owed, and exemplary damages. Plaintiff seeks monetary relief over $1,000,000.

74. Additionally, for breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Allied and its agents and adjusters' conduct in hindering the reconstruction of Ft. Worth Auto's property. Plaintiff seeks monetary relief over $1,000,000.

75. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing, fraudulent, and malicious representations, along with attorneys' fees, interest, and court costs. Plaintiff seeks monetary relief over $1,000,000.

76. For breach of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to recover from Defendant actual damages, statutory damages, and exemplary damages along with attorneys' fees. Plaintiff seeks monetary relief over $1,000,000.

## VI. ATTORNEYS' FEES

77. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-76 of this First Amended Complaint as if fully set forth herein.

78. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court.

## VII. JURY DEMAND

79. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in this District.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ft. Worth Auto Supply, Inc. prays Defendant Allied Insurance Company of America be cited to answer and appear and, after final trial, Plaintiff has judgment against the Defendant in an amount in excess of the minimal jurisdiction limits of the Court to reimburse it the cost of repairs to Ft. Worth Auto's property, diminution in value of Ft. Worth Auto's property, lost profits, loss of use, and other consequential damages, punitive or exemplary damages, plus pre-judgment and post-judgment interest at the legal rate until paid, attorneys' fees and costs, costs of Court, and for all other relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**AYERS & AYERS**

By: /s/ *Jonathan P. Ayers*
JONATHAN P. AYERS
State Bar No. 01465900
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
jayers@ayersfirm.com
(817) 267-9009
(817) 318-0663 (FAX)

**ATTORNEYS FOR PLAINTIFF
FT. WORTH AUTO SUPPLY, INC.**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this document was e-filed through the Court's ECM system, with a copy automatically routed to all counsel of record on August 30, 2024.

*/s/ Jonathan P. Ayers*
Jonathan P. Ayers